UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RICHARD T. MCMAHON,

                              Plaintiff,

        -against-                                    ORDER
                                                     13-CV-4181(JS)
CAROLYN W. COLVIN, Acting Commissioner
of Social Security

                              Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:              Christopoher James Bowes, Esq.
                            54 Cobblestone Dr.
                            Shoreham, NY 11786

For Defendant:              Keneth M. Abell, Esq.
                            United States Attorney's Office
                            610 Federal Plaza
                            Central Islip, NY 11722


SEYBERT, District Judge:

            Pending before the Court is Plaintiff Richard McMahone's

("Plaintiff") unopposed motion seeking approval of a contingency

fee agreement between himself and his attorney in this social

security action.  (Docket Entry 20.)  For the foregoing reasons,

Plaintiff's motion is GRANTED.

                           BACKGROUND

            On July 25, 2013, Plaintiff retained his current

attorney, Christopher J. Bowes ("Mr. Bowes") and commenced this

civil action appealing the denial of his application for social

security disability benefits.  (See Bowes Decl., Docket Entry 22,

¶ 10.)  Plaintiff and Mr. Bowes entered into a Retainer Agreement

specifying that if Mr. Bowes successfully recovered disability benefits on Plaintiff's behalf, Plaintiff agreed to pay Mr. Bowes twenty-five percent of his past-due benefits as attorney fees. (See Retainer Agreement, Ex. A, Docket Entry 22, at 9.)

By Memorandum and Order dated July 29, 2014, the Court remanded this case for further administrative proceedings, (Docket Entry 16), and ALJ Brian Crowley (the "ALJ") subsequently issued a decision finding that Plaintiff has been disabled as of May 21, 2010 and entitled to benefits as of November 2010. (Bowes Decl. ¶ 14.)

On August 10, 2015, the Social Security Administration ("SSA") awarded Plaintiff $113,451 in past-due benefits. (Bowes Decl. ¶ 15.) Then, on September 13, 2015, SSA issued an additional award to plaintiff's son in the amount of $33,012. (Bowes Decl. ¶ 16.) Although SSA withheld twenty-five percent of Plaintiff's initial award as attorneys' fees, SSA did not withhold twenty-five percent of the subsequent award that Plaintiff's son received. (Bowes Decl. ¶¶ 15, 17.)

Plaintiff now seeks an order, pursuant to 42 U.S.C. § 406(b), (1) approving the contingency fee agreement between Plaintiff and Mr. Bowes and (2) directing SSA to award Mr. Bowes $36,615.75 in attorney fees, less $6,700 that Mr. Bowes already received as attorney fees under the Equal Access to Justice Act, for a net payment of $29,915.75. (See Notice of Motion, Docket

Entry 20, ¶¶ 1-2.)  Defendant Carolyn W. Colvin (Defendant) does not oppose Plaintiff's motion.  (See Def.'s Ltr., Docket Entry 23.)

## DISCUSSION

Under Section 406(b), the Court may award an attorney who successfully represents a claimant in a social security case a fee "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b). The Second Circuit has explained that Section 406(b) sets the upper limit for contingency fee awards in social security cases, and thus "a requested fee based on a contingency fee arrangement should be enforced unless the court finds it to be unreasonable.  Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990).  To determine whether a contingency fee arrangement is reasonable, the Court must evaluate whether: (1) "the contingency percentage is within the 25% cap," (2) "there has been fraud or overreaching in making the agreement," and (3) "the requested amount is so large as to be a windfall to the attorney."  Id. at 372.  Upon carefully reviewing the contingency fee arrangement in this case, the Court finds it to be reasonable.  The arrangement is within the twenty-five percent cap, there is no evidence of fraud, and the proposed $29,915.75 award is not so large as to be a windfall.

CONCLUSION

For the foregoing reasons, Plaintiff's motion seeking approval of the contingency fee arrangement in this case (Docket Entry 20) is GRANTED. The Social Security Administration is directed to award Mr. Bowes $29,915.75 in attorney fees, which consists of $36,615.75 out of the past due social security disability benefits payable to Plaintiff and his auxiliary beneficiaries, less $6,700 that was already paid to Mr. Bowes under the Equal Access to Justice Act.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     June __16__, 2016
           Central Islip, New York